# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**HYDE PARK COMPANY, LLC, a New Mexico
limited liability company,**

                Appellant/Petitioner,

v.                                                                                   CIV. No. 98-1011 JP/LCS

**THE CITY COUNCIL OF THE CITY OF SANTA FE, et. al.,**

      Appellees/Respondents,

**and**

**GREATER CALLECITA NEIGHBORHOOD ASSOCIATION,
WILLIAM A. DARKEY and RICHARD FOLKS,**

**Appellees/Respondents-In-Intervention.**

## MEMORANDUM OPINION AND ORDER

      This action was removed from state court to this court on August 21, 1998. In the state court, the Plaintiff Hyde Park and the Defendant City Council of the City of Santa Fe ("City of Santa Fe") filed Motions for Summary Judgement on June 19, 1998. The Appellees/Respondents-In-Intervention also filed a Motion for Summary Judgement in state court on June 18, 1998. The Defendant City of Santa Fe filed Motion to Dismiss with this court on October 6, 1998. On November 5, 1998, Appellees/Respondents-in-Intervention filed with this court a Motion to Certify Controlling Questions of Law to New Mexico Supreme Court. I held a hearing on all of these motions on November 16, 1998.

      At the hearing, I denied the Motion to Certify Controlling Questions of Law to New

Mexico Supreme Court. Regarding the first question posed for certification, I held that the state district court had jurisdiction to entertain this action because N.M. STAT. ANN. § 3-19-8, prior to its 1998 amendment, clearly indicates that a dissatisfied party can appeal from a City Council's denial of a determination of the planning commission. While I reserved ruling on the second question Appellees/Respondents-in-Intervention seek to certify, I ruled that this question would not be certified to the New Mexico Supreme Court. Regarding the third question Appellees/Respondents-in-Intervention seek to certify, I ruled that it is clear from New Mexico law that N.M. STAT. ANN. § 3-19-8, effective as of September 1, 1998, applies prospectively and does not apply to this case.

I also ruled at the hearing that the state district court judge had correctly ruled that "the day of final submission of the plat" as discussed in N.M. STAT. ANN. § 3-20-7(E) is defined by the Santa Fe City Code to be the date of the meeting at which the planning commission first considers the plat application. *See* SFCC § 14-82.3D; Decision of Judge Pfeffer of the First Judicial District; *see also Norton v. Village of Corrales,* 103 F.3d 928 (10th Cir. 1996) ("Plaintiffs' reliance on N.M. STAT.ANN. § 3-20-7E for a due process entitlement to plat approval would be trumped by Village ordinance § 8-2-9(E)," which states that the Planning and Zoning Commission shall approve or disapprove of a final plat thirty-five days *after the developer complies with the village ordinances*).

IT IS THEREFORE ORDERED that:

(1)  Appellees'/Respondents'-in-Intervention Motion to Certify Controlling Questions of Law to New Mexico Supreme Court is DENIED;

(2)  the state district court properly exercised jurisdiction over this action under the

2

(3)   pre-amendment version of N.M. STAT.ANN. § 3-19-8;

(3)   N.M. STAT.ANN. § 3-19-8, effective as of September 1, 1998, applies prospectively and does not apply to this case;

(4)   "the day of final submission of the plat," as discussed in N.M. STAT.ANN. § 3-20-7E, is defined by the Santa Fe City Code, SFCC § 14-82.3D, to be the date of the meeting at which the planning commission first considers the plat application;

(5)   counsel for the Defendant City of Santa Fe must submit to counsel for Plaintiff Hyde Park by November 23, 1998, a copy of the record that was considered by the City Council at the May 28, 1998, hearing, and a transcript of that hearing, with all alleged "substantial evidence" supporting the City Council's decision highlighted in blue, and by December 2, 1998, the Plaintiff's counsel must submit to this court the same copy of the record and transcript with all evidence supporting Plaintiff's allegation that the City Council's decision was unlawful highlighted in yellow; and

(6)   all parties must submit to this court no later than November 23, 1998, highlighted copies of all Tenth Circuit opinions, and copies of other Circuit opinions with very close factual situations, regarding whether Plaintiff had a property right in its plat application.

_____
**UNITED STATES DISTRICT JUDGE**